# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## Washington, DC

## UNITED STATES

## v.

## William S. BENEDICT
## Chief Yeoman, U.S. Coast Guard

## CGCMG 0124
## Docket No. 1083

## 21 April 2000

General Court-Martial convened by Commander, Thirteenth Coast Guard District. Tried at Seattle, Washington, 4-6 September 1996.

Military Judge: CAPT Lane I. McClelland, USCG
Trial Counsel: LCDR Bradley R. Mozee, USCG
Assistant Trial Counsel: LCDR John C. Odell, USCG
Detailed Defense Counsel: LT James A. Link, JAGC, USNR
Individual Military Counsel: LCDR Mark R. Higgins, USCG
Civilian Defense Counsel (trial & appeal): Barry E. Ryan, Esquire
Appellate Defense Counsel LT Richard R.Beyer, USCGR
Appellate Defense Counsel: LT Sandra K. Selman, USCGR
Appellate Government Counsel: LT Benes Z. Aldana, USCGR
Appellate Government Counsel LTJG Mark A. Cunningham, USCGR

## BEFORE
## PANEL 4

## BAUM, KANTOR, WESTON

Appellate Military Judges

PER CURIAM:

Appellant was tried by a general court-martial composed of officer and enlisted members. Pursuant to his pleas, entered in accordance with a pretrial agreement, he was convicted of the following offenses: eleven specifications of false official statements, and one specification of larceny in violation of Articles 107 and 121 of the Uniform Code of Military Justice (UCMJ), respectively. The court sentenced Appellant to reduction to paygrade E-4, a fine of $5,000 and confinement for one year. The convening authority approved the sentence as adjudged, which was within the terms of the pretrial agreement. Before this Court, Appellant has assigned and orally argued errors relating to: (1) asserted unlawful command influence with respect to potential witnesses and the appointment of court members; (2) asserted lack of jurisdiction due to improper convening of the court-martial; and (3) an asserted abuse of discretion by the military judge in denying a challenge for cause of one of the court-martial members.

I

Appellant argues that the military judge applied the wrong standard of proof in determining whether there was unlawful command influence in this case. We disagree. The judge expressly stated that she would apply the test from *U. S. v. Stombaugh*, 40 M.J. 208 (1994), Appellate Exhibit XLIX, p. 1, and, in so doing, found that there was neither the appearance of unlawful command influence nor actual command influence. Her application of the standard from *U. S. v. Stombaugh*, at 40 M.J. 214, convinces us that she correctly found beyond a reasonable doubt that the findings and sentence were not affected by command influence. Moreover, we have independently weighed the evidence of record and are also convinced beyond a reasonable doubt that there was neither the appearance of unlawful command influence nor actual command influence in this case.

II

Appellant contends that the court-martial was convened improperly because the convening authority s non-delegable responsibility to personally select the court members was, in fact, delegated to his chief of staff. We disagree. The convening authority personally signed the order convening the court, and the military judge found that "the presumption of regularity is not confronted with any evidence at all that would provide a basis for a finding that this court was not properly convened." The military judge did not abuse her discretion in this regard and we are satisfied from this record that the convening authority personally selected each court member.

III

Finally, Appellant asserts that it was an abuse of discretion for the military judge to deny a challenge for cause of one of the court members whose *voir dire* testimony, according to Appellant, provided substantial doubt as to implied, if not actual, bias. Again, we must disagree. First, we note that the challenged member s answers clearly established that he would act impartially, and that his decisions as a court member would be based solely on evidence properly admitted in court. Accordingly, there was no

basis for finding actual bias. With respect to implied bias, we have applied the same standard for reviewing this issue as articulated by us in *U.S. v. Armstrong*, 51 M.J. 612 (C.G.Ct.Crim.App. 1999). In so doing, we have viewed the evidence of bias through the eyes of the public and have concluded that reasonable members of the public would not perceive unfairness and prejudice from the participation of the challenged member in this case. The military judge did not abuse her discretion in denying the challenge for cause.

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, we have determined that the findings and sentence are correct in law and fact and on the basis of the entire record should be approved. Accordingly, the findings and sentence, as approved below, are affirmed.

For the Court,
//s//

James P. Magner
Clerk of the Court